**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: May 16, 2024.**



_____
**SHAD M. ROBINSON**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| IN RE: § | |
| AGM VENTURES LLC § | |
| § | |
| DEBTOR § | BANKRUPTCY CASE NO. 24-10457 |

**INTERIM ORDER ON AUTHORITY TO USE CASH COLLATERAL**
**(Docket No. 6)**

Upon the Motion for Authority to Use Cash Collateral [Doc #6] (the "Motion") filed by the above-captioned debtor, AGM Ventures LLC (the "Debtor"), and the Court having considered the Motion and responses thereto, the record in this case, and the arguments of counsel at the hearing on May 1, 2024, at 2:30 p.m., the Court finds as follows:

A. On April 30, 2024 (the "Petition Date"), the Debtor filed a voluntary petition in this Court under chapter 11, subchapter V, of title 11 of the United States Code (the "Bankruptcy Code").

B. Fund-Ex Solutions Group, LLC ("FSG"), as the Debtor's secured lender, filed an Objection to the Motion and Request for Adequate Protection [Doc #16] (the "FSG Objection"). The Debtor stipulates, admits, acknowledges, and agrees as follows with respect to FSG's prepetition liens and secured claims (collectively, the "Stipulations"):

(i) Prior to the Petition Date, FSG made a loan to the Debtor in the original principal amount of $657,000 (the "FSG Loan"), which is evidenced by the documents attached as Exhibits A-E to the FSG Objection (together with all other documents

        (i)    evidencing, securing, or otherwise relating to the Loan, the "<u>Loan Documents</u>"). The Loan Documents are valid and enforceable against the Debtor in accordance with their terms.

        (ii)    Pursuant to the FSG Loan Documents, FSG holds properly perfected, valid, and enforceable blanket liens and security interests (the "<u>Prepetition Liens</u>") on all the Debtor's assets as of the Petition Date (collectively, the "<u>Prepetition Collateral</u>")— including, without limitation, inventory, equipment, accounts, instruments, chattel paper, and general intangibles, together with all proceeds, products, replacements, and accessions thereof—securing repayment of all amounts due and owing to FSG under the Loan Documents.

        (iii)    FSG's Prepetition Collateral includes all the Debtor's cash and cash equivalents, which constitute FSG's cash collateral within the meaning of section 363(a) of the Bankruptcy Code (the "<u>Cash Collateral</u>"), and which also serves as security for repayment of all amounts due and owing to FSG under the Loan Documents.

        (iv)    FSG's Prepetition Liens are senior to all other liens and security interests asserted on, in, or against the Prepetition Collateral, and such Prepetition Liens are not subject to avoidance under any state or federal law.

C.    Authorizing the Debtor's use of cash collateral on an interim basis as set forth in this order (this "<u>Interim Order</u>" or "<u>Order</u>") is in the best interest of the Debtor, the Debtor's estate, and the Debtor's creditors. Use of Cash Collateral is the only means available to the Debtor to finance its operation and immediate and irreparable harm will result if Debtor is not permitted to use the Cash Collateral in the amounts set forth in the interim budget attached hereto as Exhibit "A" (the "<u>Budget</u>").

Accordingly, based upon the foregoing, **IT IS HEREBY ORDERED AS FOLLOWS**:

1.    The Motion is granted on an interim basis as set forth herein.

2.    Subject to the terms and conditions of this Interim Order, the Debtor is authorized to use the Cash Collateral for expenses set forth in the Budget and any other unforeseeable expenses that may arise and pose a threat to the Debtor's continued operations. Debtor has the authority to use the Cash Collateral to pay up to 110% of each individual expense in the Budget, so long as the total of Cash Collateral spent during the month does not exceed 5% of the total Budget.

3.    All creditors set forth in the UCC list attached as Exhibit "B" to Debtor's Motion (Docket No. 6) as well as the Internal Revenue Service reserve all of their rights including, but not limited to, seeking a determination of whether any receipts allegedly purchased pre-petition or money loaned is property of the estate. Except for FSG's secured claim under the Loan Documents, the Debtor reserves the right to dispute any allegedly secured claims.

- 3 -

4. As adequate protection for the use of Cash Collateral, the creditors listed on Exhibit "B" to the Motion are hereby granted replacement liens (the "Replacement Liens") on all post-petition cash collateral and post-petition acquired property to the same nature, extent, validity, and priority that such creditor's possessed as of the Petition Date, notwithstanding section 552 of the Bankruptcy Code.

5. As additional adequate protection to FSG for the use of Cash Collateral, the Debtor hereby agrees to, and shall:

    a. Account to FSG for all sources and uses of Cash Collateral on a weekly basis from and after the Petition Date;

    b. Comply with all terms and conditions of the FSG Loan Documents from and after the Petition Date (subject to any conflicting provisions of the Bankruptcy Code and/or the orders of this Court);

    c. Promptly provide all documents and information reasonably requested by FSG concerning (i) the FSG's Prepetition Collateral and/or collateral subject to FSG's Replacement Liens (collectively, the "Collateral"), (ii) the sources and uses of Cash Collateral, and (iii) any other matter involving FSG's Collateral; and

    d. Reasonably cooperate with any appraiser, financial advisor, or other consultant hired by FSG and promptly respond to reasonable requests for information made by any such professional hired by FSG.

6. Notwithstanding anything to the contrary herein, creditors and other interested parties in this case, other than the Debtor, may challenge the validity, extent, priority, perfection, enforceability, or non-avoidability of FSG's Prepetition Liens by commencing an adversary proceeding against FSG (a "Challenge") on or before the date that is sixty (60) days after the Petition Date (the "Challenge Period"). All parties that fail to commence a Challenge prior to the expiration of the Challenge Period shall be forever barred from commencing a Challenge and shall be bound by the Stipulations and terms set forth in this Interim Order.

7. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation, enforcement and/or interpretation of this Order.

- 4 -

9. A final hearing on the Motion will be held on May 20, 2024 at 1:30 p.m. to determine if this Order should be continued, modified, or terminated. The hearing will take place at U.S. Bankruptcy Courthouse located at Homer J. Thornberry Federal Judicial Bldg., 903 San Jacinto Blvd., Courtroom 1, Austin, Texas 78701. This will be a hybrid hearing.

*https://us-courts.webex.com/meet/Robinson via Webex or Phone.*

*Call 650-479-3207 Code:2305 533 7827*

# # #

SUBMITTED BY:

THE LANE LAW FIRM, PLLC
 */s/Robert C. Lane*
 Robert C. Lane
 State Bar No. 24046263
 notifications@lanelaw.com
 Joshua D. Gordon
 State Bar No. 24091592
 Joshua.gordon@lanelaw.com
 6200 Savoy, Suite 1150
 Houston, Texas 77036
 (713) 595-8200 Voice
 (713) 595-8201 Facsimile
 PROPOSED COUNSEL FOR DEBTOR

10768639 v3 (74597.00004.000)

**14-DAY AND 30-DAY BUDGET**

| INCOME | DAYS 1-14 | DAYS 15-30 | 30 DAY TOTALS |
|---|---|---|---|
| **Opening Cash (enter checking acct. balance for days 1-14):** | $26.00 | $1,766.00 | |
| **Gross Cash Receipts** | $19,800.00 | $19,800.00 | $39,600.00 |
| **Fufilled By Amazon (FBA) Fees** | $7,300.00 | $7,300.00 | $14,600.00 |
| **Projected Cash Receipts:** | $12,500.00 | $12,500.00 | $25,000.00 |
| INVENTORY PURCHASES | $2,060.00 | $2,060.00 | $4,120.00 |
| OWNER DRAWS | $500.00 | $500.00 | $1,000.00 |
| INSURANCE | $50.00 | $50.00 | $100.00 |
| INVENTORY STORAGE | $100.00 | $100.00 | $200.00 |
| COMPUTER SOFTWARE & IT | $550.00 | $550.00 | $1,100.00 |
| ADVERTISING | $6,000.00 | $6,000.00 | $12,000.00 |
| SUBCHAPTER V TRUSTEE | $500.00 | $500.00 | $1,000.00 |
| ATTORNEY FEES (SUBJECT TO COURT APPROVAL) | $1,000.00 | $1,000.00 | $2,000.00 |
| **TOTAL PROJECTED CASH DISBURSEMENTS** | $10,760.00 | $10,760.00 | $21,520.00 |
| **CASH ON HAND AFTER DISBURSEMENTS** | $1,766.00 | $3,506.00 | $3,506.00 |