

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: July 08, 2024.**

_____
**SHAD M. ROBINSON**
**UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| AGM VENTURES LLC | § | |
| | § | |
| DEBTOR | § | BANKRUPTCY CASE NO. 24-10457 |

### FINAL ORDER ON AUTHORITY TO USE CASH COLLATERAL
### (Docket No. 6)

Upon the Motion for Authority to Use Cash Collateral [Doc #6] (the "Motion") filed by the above-captioned debtor, AGM Ventures LLC (the "Debtor"), and the Court having considered the Motion and responses thereto, the record in this case, and the arguments of counsel at the hearings on May 1, 2024, at 2:30 p.m., May 20, 2024, at 1:30 p.m., and June 13, 2024, at 10:30 a.m., the Court finds as follows:

A.  On April 30, 2024 (the "Petition Date"), the Debtor filed a voluntary petition in this Court under chapter 11, subchapter V, of title 11 of the United States Code (the "Bankruptcy Code").

B.  Fund-Ex Solutions Group, LLC ("FSG"), as the Debtor's secured lender, filed an Objection to the Motion and Request for Adequate Protection [Doc #16] (the "FSG Objection"). The Debtor stipulates, admits, acknowledges, and agrees as follows with respect to FSG's prepetition liens and secured claims (collectively, the "Stipulations"):

(i)  Prior to the Petition Date, FSG made a loan to the Debtor in the original principal amount of $657,000 (the "FSG Loan"), which is evidenced by the documents attached as Exhibits A-E to the FSG Objection (together with all other documents

- 1 -

evidencing, securing, or otherwise relating to the Loan, the "Loan Documents"). The Loan Documents are valid and enforceable against the Debtor in accordance with their terms.

(ii) Pursuant to the FSG Loan Documents, FSG holds properly perfected, valid, and enforceable blanket liens and security interests (the "Prepetition Liens") on all the Debtor's assets as of the Petition Date (collectively, the "Prepetition Collateral")—including, without limitation, inventory, equipment, accounts, instruments, chattel paper, and general intangibles, together with all proceeds, products, replacements, and accessions thereof—securing repayment of all amounts due and owing to FSG under the Loan Documents.

(iii) FSG's Prepetition Collateral includes all the Debtor's cash and cash equivalents, which constitute FSG's cash collateral within the meaning of section 363(a) of the Bankruptcy Code (the "Cash Collateral"), and which also serves as security for repayment of all amounts due and owing to FSG under the Loan Documents.

(iv) FSG's Prepetition Liens are senior to all other liens and security interests asserted on, in, or against the Prepetition Collateral, and such Prepetition Liens are not subject to avoidance under any state or federal law.

C. Authorizing the Debtor's use of cash collateral on a final basis as set forth in this order (this "Final Order" or "Order") is in the best interest of the Debtor, the Debtor's estate, and the Debtor's creditors. Use of Cash Collateral is the only means available to the Debtor to finance its operation and immediate and irreparable harm will result if Debtor is not permitted to use the Cash Collateral in the amounts set forth in the budget attached hereto as Exhibit "A" (the "Budget").

D. In addition to the use of Cash Collateral, the Debtor's continued use of its Amazon Seller Account (as identified in the Debtor's Bankruptcy Schedule A/B, the "Seller Account") is critical to the Debtor's ongoing operations and its ability to reorganize in Chapter 11. As used herein, the term "Amazon" collectively refers to (i) Amazon Capital Services, Inc., (ii) the Amazon entity (or entities) with which the Seller Account is maintained, and (iii) any related entity with control over the Debtor's access to and use of the Seller Account.

Accordingly, based upon the foregoing, **IT IS HEREBY ORDERED AS FOLLOWS**:

1. The Motion is granted on a final basis as set forth herein.

2. Subject to the terms and conditions of this Final Order, the Debtor is authorized to use the Cash Collateral for expenses set forth in the Budget and any other unforeseeable expenses that may arise and pose a threat to the Debtor's continued operations. Debtor has the authority to use the Cash Collateral to pay up to 110% of each individual expense in the Budget, so long as the total of Cash Collateral spent during the month does not exceed 5% of the total Budget. The Debtor's authority to use Cash Collateral under this Final Order shall terminate upon the earlier of (i) the dismissal or conversion of this bankruptcy

10822093 v3 (74597.00004.000)

case; (ii) the appointment of a Chapter 11 trustee in this bankruptcy case; and (iii) the effective date of a confirmed Chapter 11 Plan for the Debtor, except as otherwise stated therein.

3.　　All creditors set forth in the UCC list attached as Exhibit "B" to Debtor's Motion (Docket No. 6) as well as the Internal Revenue Service reserve all of their rights including, but not limited to, seeking a determination of whether any receipts allegedly purchased pre-petition or money loaned is property of the estate. Except for FSG's secured claim under the Loan Documents, the Debtor reserves the right to dispute any allegedly secured claims.

4.　　As adequate protection for the use of Cash Collateral, the creditors listed on Exhibit "B" to the Motion are hereby granted replacement liens (the "Replacement Liens") on all post-petition cash collateral and post-petition acquired property to the same nature, extent, validity, and priority that such creditor's possessed as of the Petition Date, notwithstanding section 552 of the Bankruptcy Code.

5.　　As additional adequate protection to FSG for the use of Cash Collateral:

　　a.　　The Debtor hereby agrees to, and shall:

　　　　i)　　Account to FSG for all sources and uses of Cash Collateral on a weekly basis from and after the Petition Date;

　　　　ii)　　Comply with all terms and conditions of the FSG Loan Documents from and after the Petition Date (subject to any conflicting provisions of the Bankruptcy Code and/or the orders of this Court);

　　　　iii)　　Promptly provide all documents and information reasonably requested by FSG concerning (A) the FSG's Prepetition Collateral and/or collateral subject to FSG's Replacement Liens (collectively, the "Collateral"), (B) the sources and uses of Cash Collateral, and (C) any other matter involving FSG's Collateral; and

　　　　iv)　　Reasonably cooperate with any appraiser, financial advisor, or other consultant hired by FSG and promptly respond to reasonable requests for information made by any such professional hired by FSG.

　　b.　　The Debtor agrees to, and shall, make monthly adequate protection payments to FSG in the amount of $2,500 per month commencing on or before June 20, 2024, and continuing on or before the twentieth (20th) day of each month thereafter, for so long as the Debtor is authorized to Cash Collateral pursuant to this Order and until such authority to use Cash Collateral is terminated as set forth in paragraph 2 above.  The Debtor shall deliver such payments via wire transfer or as otherwise instructed by FSG.

10822093 v3 (74597.00004.000)

  c.  In addition to the Replacement Liens, FSG is hereby granted, from and after the Petition Date, valid and perfected first-priority liens and security interests on and in all the Debtor's unencumbered cash and deposit accounts (the "<u>Additional Liens</u>"), to the extent of any diminution in the value of FSG's Prepetition Collateral. As used herein, the term "deposit accounts" has the meaning provided in Tex. Bus. & Com. Code § 9.102 and includes, without limitation, the Debtor's Chase Bank account. FSG's Replacement Liens and Additional Liens are hereby granted, effective as of the Petition Date, without the need for the Debtor to execute any security or pledge agreement, deposit account control agreement, or any other documents, and without the need for a financing statement or any other filings by FSG. Notwithstanding the foregoing, this Final Order shall be deemed a security agreement and may be filed as a financing statement, and the Debtor shall execute and deliver such, security agreements, assignments, financing statements, or other documents reasonably requested by FSG to further evidence the liens and security interests granted by this Order.

6.  Amazon is hereby prohibited from (a) restricting or in any way limiting the Debtor's access to the Seller Account and/or (b) withdrawing funds from the Seller Account on account of any obligations due and owing to Amazon as of the Petition Date. Amazon shall not withdraw or offset funds from the Seller Account for any reason other than Fulfilled by Amazon (FBA) Fees arising after the Petition Date.

7.  Notwithstanding anything to the contrary herein, creditors and other interested parties in this case, other than the Debtor, may challenge the validity, extent, priority, perfection, enforceability, or non-avoidability of FSG's Prepetition Liens by commencing an adversary proceeding against FSG (a "<u>Challenge</u>") on or before the date that is sixty (60) days after the Petition Date (the "<u>Challenge Period</u>"). All parties that fail to commence a Challenge prior to the expiration of the Challenge Period shall be forever barred from commencing a Challenge and shall be bound by the Stipulations and terms set forth in this Final Order.

8.  Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.  The Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation, enforcement and/or interpretation of this Order.

# # #

10822093 v3 (74597.00004.000)

SUBMITTED BY:

THE LANE LAW FIRM, PLLC
*/s/Robert C. Lane*
Robert C. Lane
State Bar No. 24046263
notifications@lanelaw.com
Joshua D. Gordon
State Bar No. 24091592
Joshua.gordon@lanelaw.com
6200 Savoy, Suite 1150
Houston, Texas 77036
(713) 595-8200 Voice
(713) 595-8201 Facsimile
PROPOSED COUNSEL FOR DEBTOR

**16 Week Budget**

| INCOME | Week 1 4/29/2024 | Week 2 5/6/2024 | Week 3 5/13/2024 | Week 4 5/20/2024 | Week 5 5/27/2024 | Week 6 6/3/2024 | Week 7 6/10/2024 | Week 8 6/17/2024 | Week 9 6/24/2024 | Week 10 7/1/2024 | Week 11 7/8/2024 | Week 12 7/15/2024 | Week 13 7/22/2024 | Week 14 7/29/2024 | Week 15 8/5/2024 | Week 16 8/12/2024 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Opening Cash | $26.00 | $26.00 | $26.00 | $8,011.00 | $15,141.00 | $10,496.00 | $17,366.00 | $13,011.00 | $19,881.00 | $35,386.00 | $25,656.00 | $20,901.00 | $31,171.00 | $26,416.00 | $35,546.00 | $30,991.00 |
| Gross Cash Receipts | $0.00 | $0.00 | $19,800.00 | $19,800.00 | $15,200.00 | $17,200.00 | $19,200.00 | $19,200.00 | $15,300.00 | $25,250.00 | $20,250.00 | $23,250.00 | $23,650.00 | $23,650.00 | $30,591.00 | $0.00 |
| Fulfilled By Amazon (FBA Fees) | $0.00 | $0.00 | $7,300.00 | $7,300.00 | $7,100.00 | $7,100.00 | $7,100.00 | $7,100.00 | $9,350.00 | $9,350.00 | $9,350.00 | $0.00 | $8,750.00 | $8,750.00 | $0.00 | $0.00 |
| Net Projected Cash Receipts: | $0.00 | $0.00 | $12,500.00 | $12,500.00 | $12,100.00 | $12,100.00 | $12,100.00 | $12,100.00 | $15,900.00 | $15,900.00 | $15,900.00 | $0.00 | $14,900.00 | $14,900.00 | $0.00 | $0.00 |
| Owner Draws | $0.00 | $0.00 | $500.00 | $0.00 | $500.00 | $0.00 | $500.00 | $0.00 | $500.00 | $0.00 | $500.00 | $0.00 | $500.00 | $0.00 | $500.00 | $0.00 |
| Inventory Purchases | $0.00 | $0.00 | $1,030.00 | $1,030.00 | $1,030.00 | $1,030.00 | $1,030.00 | $1,030.00 | $1,030.00 | $1,030.00 | $1,030.00 | $1,030.00 | $1,030.00 | $1,030.00 | $1,030.00 | $1,030.00 |
| Inventory Storage | $0.00 | $0.00 | $125.00 | $0.00 | $125.00 | $0.00 | $125.00 | $0.00 | $125.00 | $0.00 | $125.00 | $0.00 | $125.00 | $0.00 | $125.00 | $0.00 |
| Insurance | $0.00 | $0.00 | $140.00 | $0.00 | $140.00 | $0.00 | $140.00 | $0.00 | $140.00 | $0.00 | $0.00 | $0.00 | $140.00 | $0.00 | $140.00 | $0.00 |
| Computer Software and IT | $0.00 | $0.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 |
| ADVERTISING | $0.00 | $0.00 | $2,650.00 | $2,650.00 | $2,650.00 | $2,500.00 | $2,500.00 | $2,500.00 | $2,500.00 | $2,900.00 | $2,900.00 | $2,900.00 | $2,900.00 | $2,700.00 | $2,700.00 | $2,700.00 |
| ATTORNEY'S FEES - subject to court approval | $0.00 | $0.00 | $500.00 | $500.00 | $0.00 | $0.00 | $0.00 | $500.00 | $0.00 | $500.00 | $0.00 | $500.00 | $0.00 | $500.00 | $0.00 | $500.00 |
| SUBCHAPTER V FEES - subject to court approval | $0.00 | $0.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 |
| TOTAL PROJECTED CASH DISBURSEMENTS | $0.00 | $0.00 | $5,021.00 | $5,380.00 | $5,645.00 | $5,230.00 | $4,555.00 | $5,230.00 | $5,495.00 | $5,630.00 | $4,755.00 | $5,630.00 | $4,755.00 | $5,770.00 | $4,555.00 | $5,430.00 |
| CASH ON HAND AFTER DISBURSEMENTS | $26.00 | $28.00 | $8,023.00 | $35,143.00 | $10,496.00 | $17,366.00 | $13,011.00 | $19,881.00 | $35,386.00 | $23,656.00 | $20,901.00 | $31,171.00 | $26,416.00 | $35,546.00 | $30,991.00 | $40,461.00 |